UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

OMRAN MOSTAFA,

                                 Plaintiff,

                -v-

CITY OF NEW YORK, JOSEPH BEY, MICHAEL
CURLEY, and TIMOTHY FEEHAN,

                           Defendants.

------------------------------------------------------------------------X

| | |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #: | |
| DATE FILED: 9/2/2014 | |

13 Civ. 155 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Omran Mostafa, proceeding *pro se* and *in forma pauperis*, sues the City of New York
(the "City"), Detective Joseph Bey, Detective Michael Curley, and retired Detective Timothy
Feehan (collectively, the "individual defendants"), alleging that his personal property was stolen
in the course of his arrest and booking by the New York City Police Department (the "Police
Department"). Defendants now move to dismiss. For the following reasons, the motion is
granted, and the Complaint is dismissed as to all defendants.

## I.    Background

### A.    Factual Background[1]

On November 11, 2011, Mostafa was arrested and taken to the 102 Precinct in Jamaica,
Queens. Compl. at 1–2. At approximately 8 p.m. on November 11, 2011, officers at the precinct
took Mostafa's property and failed to issue a receipt. *Id.* at 2–3. These officers were later
identified as Detective Joseph Bey, Detective Michael Curley, and now-retired Detective

---

[1] The Court assumes all facts pled in the Complaint and supporting documents, Dkt. 2, 2-1, to be
true, drawing all reasonable inferences in the plaintiff's favor. *See Koch v. Christie's Int'l PLC*,
699 F.3d 141, 145 (2d Cir. 2012).

Timothy Feehan.  *See* Dkt. 23, 35.  The detectives told Mostafa that his property would be returned when he came back from court an hour later.  Compl. at 3.  The property taken from Mostafa included a black leather wallet containing $140 in cash, debit cards, credit cards, identification, and various documents; a gold wedding ring; two silver rings; three cell phones; a blue-tooth device; and a blue jacket.  *Id.* at 8; Dkt. 2-1 at 2.

Following his arrest, Mostafa was detained at Riker's Island.  Dkt. 2-1 at 2.  On November 22, 2011, Mostafa completed a signed and notarized form authorizing the Police Department to release his property to his cousin, Wail Edahry.  *Id.*  The property was not released to Edahry.  Compl. at 3.  Further, the detectives made unauthorized use of Mostafa's debit and credit cards.  *Id.* at 5.  As of January 3, 2013, when Mostafa filed the Complaint, the property had yet to be returned.  *Id.* at 3.

### B.     Procedural Background

On January 19, 2012, Mostafa filed a Notice of Claim with the City.  Dkt. 52 ¶ 4.  On January 20, 2012, the City acknowledged receipt of the form.  Dkt. 2-1 at 1.  On June 20, 2012, the City Comptroller sent Mostafa a claim-status letter.  Dkt. 2 at 9.  It informed Mostafa that his claim was still under investigation and that the Comptroller's Office was awaiting receipt of reports from the Police Department.  *Id.*  The letter further advised Mostafa that he could bring a lawsuit against the City within one year and 90 days of the November 11, 2011, incident.  *Id.*

On January 3, 2013, Mostafa filed the Complaint.  Dkt. 2.  The Complaint does not identify a particular cause of action.  It consists instead of a narrative describing the actions that the detectives took as to Mostafa's property and the injuries that Mostafa claims to have suffered.

Liberally construed,[2] however, the Complaint can be read to allege a deprivation of property without due process of law in violation of the Fourteenth Amendment and actionable under 42 U.S.C. § 1983.  Mostafa seeks the return of his property and $1 million in damages.  Compl. at 5.

The Complaint originally named the Police Department, the 102 Precinct, "Officer Bay," and "Officer Kali" as defendants.  *Id.* at 1.  On January 30, 2013, the claims against the Police Department and the 102 Precinct were dismissed, and the City was added as a defendant, on the ground that agencies cannot be sued in their own names.  Dkt. 7.  On January 13, 2014, the claims against non-existent Officers Bay and Kali were terminated, and Detectives Joseph Bey, Michael Curley, and Timothy Feehan were added as defendants.  Dkt. 35.

Between March 3 and April 17, 2014, this action was stayed pending resolution of Mostafa's parallel criminal proceeding.  Dkt. 38, 43.  On April 17, 2014, the Court received notice that the criminal case had been resolved, and lifted the stay.  Dkt. 43.

On May 9, 2014, defendants moved to dismiss, Dkt. 49, and filed an accompanying memorandum of law, Dkt. 50 ("Def. Br."), and declaration, Dkt. 52.  Defendants argue there that the Complaint fails to state a claim for four reasons: (1) the allegations therein do not make out a constitutional violation because state law provides adequate post-deprivation remedies; (2) as to Feehan, the Complaint does not allege his personal involvement in the challenged conduct; (3) as to the City, the Complaint does not allege a policy, practice, or custom as required to hold a municipality liable for constitutional violations; and (4) as to all three individual defendants, they are shielded by qualified immunity under both federal and state law.

---

[2] The Court is obligated to construe *pro se* complaints to raise "the strongest arguments they suggest."  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted)).

The same day, May 9, 2014, Mostafa filed a "notice of motion to oppose the defendant." Dkt. 53. On June 30, 2014, Mostafa filed an affirmation in support of his "motion for opposing defendant." Dkt. 66. The Court construes these documents as Mostafa's opposition to defendants' motion to dismiss. On July 7, 2014, defendants notified the Court that they would not file a reply memorandum. Dkt. 64.

## II.   Discussion

### A.   Applicable Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed, where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. Although a district court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor, *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014), that tenet "is inapplicable to legal conclusions," *Iqbal*, 556 U.S. at 678.

*Pro se* complaints "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes*, 723 F.3d at 403 (quoting *Triestman,* 470 F.3d at 474 (internal quotation marks omitted)). Courts may not, however, read into *pro se* submissions claims inconsistent with the *pro se* litigant's allegations, *see Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005), or arguments that the submissions themselves do not "suggest," *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (citation omitted). *Pro se* status "does not exempt a

party from compliance with relevant rules of procedural and substantive law." *Traguth v.* *Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

   **B.      Adequacy of the Pleading of Mostafa's Claim**

   Mostafa contends that the individual defendants stole his personal property in the course of his arrest and booking on November 11, 2011.  Specifically, the Complaint alleges that defendants took Mostafa's property at the police precinct without giving him a receipt, have refused to release his property to him or to his cousin, and have made unauthorized use of his debit and credit cards.  However, deprivation of an arrestee's property—even "an unauthorized intentional deprivation"—does not give rise to a constitutional claim cognizable under § 1983 if "adequate state post-deprivation remedies are available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Because the state cannot "anticipate and control in advance the random and unauthorized intentional conduct of its employees," the "state's action is not complete until and unless it provides or refuses to provide a suitable post-deprivation remedy." *Id.*  Failure to pursue an available state remedy precludes relief under § 1983. *Davis v. New York*, 311 F. App'x 397, 400 (2d Cir. 2009) (summary order); *Alexander v. Hodell*, 124 F. App'x 665, 667 (2d Cir. 2005) (summary order); *Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001) (per curiam).

   Here, Mostafa alleges that he was the victim of a "random and unauthorized" theft by City employees.  The Complaint contains no suggestion that the theft resulted from "established state procedures" or the actions of "high-ranking officials who are 'ultimate decision-maker[s].'" *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006) (citing *Zinermon v. Burch*, 494 U.S. 113, 138 (1990)).  Rather, as alleged, "the claimed deprivation occurred as a result of an unauthorized failure of the [detectives] to follow established procedures." *Love v. Coughlin*, 714 F.2d 207, 209 (2d Cir. 1983).  As the Complaint suggests, defendants should have

5

given Mostafa a receipt enumerating the property seized and, later, released his property to his cousin pursuant to the authorization form he provided.

Accordingly, the decisive question as to whether the Complaint states a claim is whether New York law provides an adequate remedy for the deprivation of Mostafa's property. It is "well established" that New York provides an opportunity for adequate relief for deprivation of property through tort-law causes of action including replevin, trespass to chattels, and conversion.[3] *Smith v. City of New York*, No. 03 Civ. 7576 (NRB), 2005 WL 1026551, at *8 (S.D.N.Y. May 3, 2005) (collecting federal cases); *see also Alexander*, 124 F. App'x at 667; *Pierre v. City of New York*, No. 12 Civ. 9462 (LAK), 2014 WL 56923, at *10 (S.D.N.Y. Jan. 7, 2014); *Carter v. Kress*, No. 83 Civ. 1225 (CSH), 1985 WL 100, at *1 (S.D.N.Y. Oct. 10, 1985) (collecting state cases). The Complaint does not allege that these state-law remedies were

---

[3] Separately, the New York City Administrative Code and City Rules provide a process for recovering property seized in the course of an arrest from the Property Clerk. *See* N.Y.C. Admin. Code § 14–140; Rules of the City of New York tit. 38 § 12–32. However, the Second Circuit has long held that the administrative remedy is constitutionally inadequate. *See, e.g.*, *Alexandre v. Cortes*, 140 F.3d 406, 413 (2d Cir. 1998); *Butler v. Castro*, 896 F.2d 698, 700–03 (2d Cir. 1990); *McClendon v. Rosetti*, 460 F.2d 111, 115 (2d Cir. 1972). The defects in the Administrative Code pertain to the Due Process Clause requirement that aggrieved individuals receive adequate notice of the remedial procedure. *See Frith v. Hill*, No. 07 Civ. 5899 (JSR), 2009 WL 3073716, at *4–*6 (S.D.N.Y. Sept. 23, 2009). Mostafa has not alleged a lack of notice of the proper procedure for recovering his property here, but nor has he acknowledged receiving such notice.

Even assuming Mostafa was denied such notice, that denial, or the Administrative Code's failure to assure such notice, would not foreclose his obtaining adequate post-deprivation relief through state tort remedies. A state is generally not required to provide information about available post-deprivation remedies. *City of W. Covina v. Perkins*, 525 U.S. 234, 241 (1999). And whether a plaintiff has a viable § 1983 claim does not turn on whether the particular plaintiff is or is not aware of available state-law remedies. *See, e.g.*, *id.* ("No similar rationale justifies requiring individualized notice of state-law remedies which . . . are established by published, generally available state statutes and case law."); *Atkins v. Parker*, 472 U.S. 115, 131 (1985) ("The entire structure of our democratic government rests on the premise that the individual citizen is capable of informing himself about the particular policies that affect his destiny.").

unavailable to Mostafa or otherwise proved inadequate.   Mostafa's "failure to take advantage of the state [law] does not convert his cause of action into a constitutional due process claim." *Smith*, 2005 WL 1026551, at *8 (quoting *Smith v. O'Connor*, 901 F. Supp. 644, 647 (S.D.N.Y. 1995) (internal quotation marks omitted)).   The Complaint therefore fails to state a claim under § 1983 and must be dismissed as to all defendants.[4]

### C.   Adequacy of Mostafa's Pleading of Municipal Liability

Mostafa's claims against the City must be dismissed for an additional reason.   To state a § 1983 claim against a municipality, the plaintiff must allege that an officially adopted policy or custom caused his injury.   *See Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S.  658, 694 (1978); *see also Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 404 (1997) (plaintiff "must demonstrate a direct causal link between the municipal action and the deprivation of federal rights").   A single incident is "not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24 (1985).   That Mostafa is *pro se* does not relieve him of the duty to adequately plead the elements of a municipal liability claim.   *See Costello v. City of Burlington*, 632 F.3d 41, 49 (2d Cir. 2011) (affirming dismissal of *pro se* plaintiff's *Monell* claim where "the complaint does not allege facts sufficient to show that . . . 'the violation

---

[4] Defendants separately seek dismissal on the grounds that (1) the Complaint does not allege facts sufficient to show personal involvement by Detective Feehan and (2) the individual defendants are shielded by qualified immunity under both federal and state law.  Having found the Complaint deficient on other grounds, the Court has no occasion to reach these arguments. *See Shomo v. City of New York*, 579 F.3d 176, 184 (2d Cir. 2009).

of his constitutional rights resulted from a municipal custom or policy'") (quoting *DeCarlo v. Fry,* 141 F.3d 56, 61 (2d Cir. 1998)).

Here, the Complaint falls far short what *Monell* and its progeny require.  It does not, in any way, allege or even suggest "that there was a persistent and widespread unconstitutional governmental policy or custom," that the City's "failure to train its employees amounted to deliberate indifference to constitutional rights," or that a City "policymaker approved any constitutional violation."  *Carter v. Inc. Vill. of Ocean Beach*, No. 13 Civ. 815, 2014 WL 3561247, at *4 (2d Cir. July 21, 2014).  Rather, the facts alleged in the Complaint, taken as true, describe a one-off theft committed by the individual defendants, in violation of the City's official policy.  Accordingly, even assuming *arguendo* that the Complaint states a claim, Mostafa's claim against the City must be dismissed.

## III.   Next Steps

For the reasons stated above, the Court dismisses Mostafa's claim against all defendants based on the Complaint's failure to allege any inadequacy in the available state post-deprivation remedies.  The Court also dismisses the claim against the City based on the Complaint's failure to plead municipal liability.

However, a *pro se* litigant should be afforded at least one opportunity to amend his complaint if "a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (citations omitted).  The Court ought not dismiss a complaint for failure to state a claim unless it "can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."  *Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam).  Particularly where a *pro se* litigant brings a civil rights action, he should be afforded leave to

8

amend his complaint "fairly freely." *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 763 (2d Cir. 1990) (citations omitted).

The Court will afford Mostafa this opportunity. Given leave to amend, it is conceivable that Mostafa will be able to fortify his factual allegations so as to (1) identify a material inadequacy in the available state post-deprivation remedies, as required to state a claim against any defendant, and (2) satisfy the requirements of *Monell* and state a claim against the City. The Court will afford Mostafa 45 days, from the date of this decision, in which to do so. Mostafa is advised not to expect a further opportunity to amend his Complaint.

## CONCLUSION

For the foregoing reasons, the Court dismisses without prejudice Mostafa's claim against all defendants. The Court grants Mostafa leave to file an amended complaint. Any such Complaint must be filed by October 13, 2014. Failure to file an amended complaint by that date, absent leave of the Court, will result in the Court's converting this dismissal of Mostafa's claim without prejudice into a dismissal with prejudice.

The Clerk of Court is respectfully directed to terminate the motion pending at docket number 49 and to serve this Opinion and Order on Mostafa at his address of record.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: September 2, 2014
      New York, New York