UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

OMRAN MOSTAFA,

                              Plaintiff,

           -v-

CITY OF NEW YORK, JOSEPH BEY, MICHAEL
CURLEY, and TIMOTHY FEEHAN,

                             Defendants.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/25/2014

13 Civ. 155 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Omran Mostafa, proceeding *pro se* and *in forma pauperis*, sues the City of New York (the "City"), Detective Joseph Bey, Detective Michael Curley, and retired Detective Timothy Feehan (collectively, the "defendants") under 42 U.S.C. § 1983, alleging that his personal property was stolen in the course of his arrest and booking by the New York City Police Department ("NYPD"). On September 2, 2014, the Court granted a motion to dismiss as to all defendants but gave Mostafa leave to amend. *See* Dkt. 69 ("September 2 Opinion"). On September 22, 2014, three weeks before the deadline, Mostafa filed an Amended Complaint. Dkt. 70 ("Am. Compl.").

The Amended Complaint reiterates Mostafa's allegation that the defendants stole his wallet and have been using his debit and credit cards without his authorization. Am. Compl. 5, 6. To corroborate this account, Mostafa attached several relevant documents. First, Mostafa provided bank records showing that thousands of dollars have been withdrawn from his checking and savings accounts during his incarceration. *Id.* Ex. A, at 1–2. Second, Mostafa provided credit card records showing that more than $1,000 has been charged to his MasterCard during his

incarceration. *Id.* Ex. A, at 3–4. Third, Mostafa provided a process receipt from the U.S. Marshals Service stating that "Officer Bey does not work at the 102 [Precinct]. Not enough information to locate him." *Id.* Ex. A, at 5. Fourth, Mostafa provided another process receipt from the U.S. Marshals Service, which states that "Officer Feehan retired from the NYPD." *Id.* Ex. A, at 6. Based on these documents, Mostafa contends that Bey "was a false and fake officer with a false badge" and that Bey and Feehan "fled" to prevent Mostafa from recovering his property. *Id.* 8. The Amended Complaint also explains the impact that the alleged wrongdoing has had on Mostafa's life. Without access to his money, Mostafa has not been able to meet his hygienic and dental needs, has not been able to pay for phone calls or stamps, and has not been able to hire a lawyer. *Id.* 4, 6, 8.

    The Court has carefully considered each allegation and supporting document Mostafa has offered. For the reasons provided in the Court's September 2 Opinion, however, the Amended Complaint does not state a claim upon which relief can be granted in federal court. As the Court explained there, the loss or theft of an arrestee's property—even "an unauthorized intentional deprivation"—does not give rise to a constitutional claim cognizable under § 1983 if "adequate state post-deprivation remedies are available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). It is "well established" that New York provides tort-law remedies for lost or stolen property including replevin, trespass to chattels, and conversion. *See, e.g., Smith v. City of New York*, No. 03 Civ. 7576 (NRB), 2005 WL 1026551, at *8 (S.D.N.Y. May 3, 2005) (collecting cases). Mostafa has not alleged that these state-law remedies are unavailable or otherwise inadequate. Accordingly, the Amended Complaint must be dismissed as to all defendants. Mostafa's desire to recover his property is understandable, but the proper course of action is a tort suit in state court, not a § 1983 suit in federal court.

In addition, to state a § 1983 claim against the City, a plaintiff must allege that an official policy or custom caused his injury. *See Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978). Here, however, Mostafa alleges that Detectives Bey and Feehan stole his wallet and fled, thereby violating the City's official policy. Accordingly, even assuming that the Amended Complaint states a claim against the individual detectives, Mostafa's claim against the City must be dismissed.

The Court has already granted Mostafa an opportunity to amend his complaint. Although Mostafa strengthened some of his factual allegations, the Amended Complaint does not attempt to identify a material inadequacy in the available state-law remedies or satisfy the requirements of *Monell* so as to state a claim against the City. Therefore, even a liberal reading of the Amended Complaint does not suggest that a further opportunity to amend would be fruitful. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). Because the Court advised Mostafa not to expect a further opportunity to amend his complaint, *see* September 2 Opinion at 9, the Amended Complaint is hereby dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motion pending at docket number 70, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: September 25, 2014
   New York, New York

3